## GUNIO v V.I.D., INC., et al.

### Case No. 89-5533-CA-01

Twelfth Judicial Circuit, Sarasota County

November 15, 1989

## OPINION OF THE COURT

ALAN R. DAKAN, Acting Circuit Judge.

### *ORDER GRANTING TEMPORARY INJUNCTION*

Upon consideration of the testimony and argument at the hearing on

November 14, 1989, the court finds as follows, for the limited purpose of this motion for temporary relief.[1]

1) The activities of V.I.D., INC. and Nicolas Cassetta in misrepresenting wrecked rental cars as demonstrators, or otherwise explaining the low mileage in a manner other than truthful was fraud within the meaning of Chapters 812 and 817, *Florida Statutes* (1987). The court finds that there was a pattern of racketeering activity as defined in § 895.02 *Florida Statutes* (1987).

2) The *ore tenus* motion to amend the complaint *instanter* is granted so that the allegations in count I are re-alleged in count II. With such amendment, the court finds the plaintiffs have standing under § 895.05 *Florida Statutes* (1987). Unlike the employee who was fired in *Banderas v Banco Central del Ecuador*, 461 So.2d 265 (3d DCA 1985), the plaintiffs here have suffered directly as a result of the subject activities.

3) Mr. Cassetta has testified that the sale will leave V.I.D., INC. with little in the way of liquid assets. The corporation will have no ongoing business. The proceeds from the lease of the property will barely cover the mortgage. Insufficient information has been developed to determine if the proceeds of the impending sale may be subject to judgment and attachment as a result of the activities complained of. However, the parties agree that the impending sale is in the best interests of all concerned.

4) The only matter truly before the court at this time is the contract of sale and purchase. The agreements with any banks or the broker have not been presented.

5) Because of the close date of the closing and because the note and money are the only currently ascertainable assets of V.I.D. INC. and Mr. Cassetta, there is a clear threat of loss or damage to the plaintiffs sufficient to warrant temporary relief. The parties have agreed, that the broker should receive some money.

Upon the foregoing, it is ordered and adjudged as follows:

A) V.I.D., INC. and Nicholas Cassetta, are enjoined from disbursing any of the proceeds of the sale which is the subject of this complaint except as hereafter provided.

B) $10,000 of cash proceeds shall be disbursed to the broker, reserving its right to claim further amounts pursuant to any brokerage contract it may have. The balance of the $50,000 shall be placed in an

---

[1] It should be noted that V.I.D., INC. and Nicholas Cassetta did not put on any direct testimony. Thus the findings for temporary hearing purposes are necessarily limited to testimony presented by the plaintiffs.

interest bearing account over which neither V.I.D., INC. nor Nicholas Cassetta shall have any control. The promissory note referred to in paragraph 1.3(b) of the agreement admitted into evidence as exhibit A, will be held by Theodore Parker, as escrow agent, pending further order of the court.

C) The court reserves jurisdiction on all other issues including whether the plaintiffs would be entitled to any portion of this money, whether it must be shown that the amounts came from the allegedly illegal activities, and whether the broker's claims may be superior to the claims of the victims of fraudulent activities, as well as other issues. The purpose of this order is to reasonably maintain status quo pending further pleading and discovery.

D) The order shall be effective immediately for a period of ten days, and thereafter until further order of the court, conditioned upon post of a good and sufficient bond required by law in the amount of $500.00.

E) The court reserves jurisdiction to carry out the terms of this order and to grant such other relief as may be required.

DONE AND ORDERED this 15th day of November, 1989.